UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| UNITED STATES OF AMERICA, | ) |
| --- | --- |
| | ) |
| v. | ) |
| | ) 2:18-cr-00193-JDL-2 |
| ABOUBACAR CONGO, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

The Defendant, Aboubacar Congo, has objected (ECF No. 101) to the Court's Speedy Trial Order dated February 5, 2019 (ECF No. 100). The Order was entered in response to Co-Defendant Salim Ouedraogo's unopposed motion to continue dated February 4, 2019 (ECF No. 99), which asserted that his defense counsel received additional discovery from the Government on January 25, 2019, and needed more time to review that discovery. Ouedraogo's motion also sought an extension of the deadline for the filing of pretrial motions. Congo contends that a delay in trial is not reasonable as it pertains to him because he is detained, he has filed no motions, the case is not complex, and it "involves only three remaining co-defendants, a handful of search warrants and about 4,000 pages of discovery (many of which are photographs and bank records)." ECF No. 112 at 1-2.

The Co-Defendant Clause of the Speedy Trial Act, 18 U.S.C.A. § 3161(h)(6) (West 2019), allows for exclusion from the 70-day period within which a trial must be held for a "reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted." *Id.* A defendant's failure to move to sever his or her case is "an

important consideration" in determining the reasonableness of a period of delay. *United States v. Maryea*, 704 F.3d 55, 67 (1st Cir. 2013) (noting that other circuits have "either found that a failure to move for severance contributes to a finding that a defendant was not prejudiced by a delay granted to a co-defendant or that, under a totality-of-the-circumstances test, a defendant's failure to move to sever is an important factor to consider.").

Here, Congo has not moved to sever his case for trial from his co-defendants. In addition, Congo has failed to identify any specific way in which he is prejudiced by the delay occasioned by the Court's speedy trial order, apart from the obvious hardship of pretrial detention. Under the totality of circumstances, the utility and efficiency of a single trial outweighs any prejudice to Congo, and I conclude that the delay occasioned by the speedy trial order is reasonable. Accordingly, it is **ORDERED** that his objection (ECF No. 101) is **DENIED**.

**SO ORDERED.**

**Dated this 21st day of February, 2019.**

                                                    /s/ JON D. LEVY
                                                    **CHIEF U.S. DISTRICT JUDGE**