UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| ABOUBACAR CONGO, )<br>)<br>    Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>    Respondent )  | 2:18-cr-00193-NT-2<br>2:24-cv-00283-NT |

**RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

Petitioner moves pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct his sentence. (Motion, ECF No. 295.) Following a guilty plea, Petitioner was convicted of conspiring to distribute and to possess with intent to distribute cocaine base and fentanyl. (Judgment, ECF No. 269.) The Government asks the Court to dismiss the matter because Petitioner filed the motion after the statute of limitations expired. (Response, ECF No. 302.)

Following a review of the record and after consideration of Petitioner's motion and the Government's request for dismissal, I recommend the Court grant the Government's request and dismiss Petitioner's motion.

**FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

In December 2018, the grand jury indicted Petitioner for: (1) conspiring to distribute and to possess with intent to distribute cocaine base and fentanyl in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(C), (2) possessing with intent to distribute cocaine base and fentanyl in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), and (3) maintaining a drug-

involved premises in violation of 21 U.S.C. §§ 856(a)(2) and 856(b). (Indictment, ECF No. 57.) Petitioner unsuccessfully attempted to exclude certain evidence. (Motions to Suppress, ECF Nos. 115–17; Hearing, ECF No. 139; Order, ECF No. 146.)

In September 2019, Petitioner agreed to plead guilty to the conspiracy count of the indictment in consideration for the Government dismissing the remaining counts, agreeing to recommend guideline reductions for acceptance of responsibility, and limiting the guideline levels for the relevant drug quantities. (Plea Agreement, ECF No. 180; Guilty Plea, ECF No. 181.) In December 2020, the Court sentenced Petitioner to seventy-eight months in prison. (Judgment, ECF No. 269.) In December 2021, the First Circuit affirmed. *United States v. Congo*, 21 F.4th 29, 30–31 (1st Cir. 2021).

In August 2024, Petitioner filed the § 2255 motion. (Motion, ECF No. 295.) The Government argues the § 2255 motion should be dismissed because it was untimely filed. (Response, ECF No. 302.)

## DISCUSSION

"A 1-year period of limitation" applies to a collateral attack on a federal conviction. 28 U.S.C. § 2255(f). The period begins to run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

2

>   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*  When there are multiple claims at issue, "the period of limitation in 28 U.S.C. § 2255(f) should be applied on a claim-by-claim basis." *Capozzi v. United States*, 768 F.3d 32, 33 (1st Cir. 2014).

Petitioner does not allege, nor does the record reflect, that the Government imposed an impediment to a timely filing; Petitioner's claims do not rely on a right newly-recognized by the Supreme Court and made retroactively applicable to cases on collateral review; and Petitioner does not allege newly-discovered facts in support of his section 2255 claims.  Because paragraphs (2), (3), and (4) do not apply, therefore, the limitations period began to run when Petitioner's judgment of conviction became final.

The Court entered Petitioner's judgment of conviction on December 16, 2020. Petitioner filed an appeal to the First Circuit.  The First Circuit affirmed on December 17, 2021, and issued its mandate on January 7, 2022.  Petitioner then had ninety days to seek a writ of certiorari from the United States Supreme Court.  Sup. Ct. R. 13.  Petitioner did not file a request for a writ from the Supreme Court.  Petitioner's judgment became final following the expiration of the ninety-day period on April 7, 2022, at the latest. *See Clay v. United States*, 537 U.S. 522, 532 (2003) ("We hold that, for federal criminal defendants who do not file a petition for certiorari with this Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires").  The limitation period for filing a § 2255 motion to challenge the judgment expired one year later, on April 7, 2023.  *See Rogers v. United States*, 180 F.3d 349, 355

3

n.13 (1st Cir. 1999) ("When a statute of limitations is measured in years, the last day for instituting the action is the anniversary date of the start of the limitations period") (quotation omitted). Petitioner filed his motion on August 5, 2024, nearly sixteen months after the limitations period expired.

"[T]he AEDPA statute of limitations defense is not jurisdictional" and "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010) (internal quotations omitted). "To obtain tolling . . . a petitioner bears a substantial burden to establish . . . that he exercised reasonable diligence in trying to preserve his rights but was prevented from timely filing by extraordinary circumstances." *Dominguez v. Duval*, 527 F. App'x 38, 40 (1st Cir. 2013); *see also Trapp v. Spencer*, 479 F.3d 53, 61 (1st Cir. 2007) (discussing illustrative cases). "The diligence prong covers those affairs within the petitioner's control, while the extraordinary-circumstances prong covers matters outside his control." *Blue v. Medeiros*, 913 F.3d 1, 8 (1st Cir. 2019).

The only potential basis for equitable tolling that Petitioner identified in his § 2255 motion was that because Petitioner had difficulty talking with his lawyer after he was transferred three or four times among prison facilities, he did not learn of his rights or the relevant laws until recent immigration proceedings began against him. It is well established, however, that "[i]gnorance of the law alone, even for incarcerated pro se prisoners, does not excuse an untimely filing." *Lattimore v. Dubois*, 311 F.3d 46, 55 (1st Cir. 2002). Petitioner has not alleged or demonstrated an extraordinary amount of movement within the Bureau of Prisons, and he has not otherwise explained why the transfers he experienced prevented him from completing the necessary research to file a §

4

2255 motion. Furthermore, because the transfers he described occurred between February 2021 and March 2023, even if he could support his request for equitable tolling, the tolling would only account for at most eleven (April 2022 to March 2023) of the sixteen months between the expiration of the limitations period and the filing of Petitioner's motion.

In his reply, Petitioner cited restrictions associated with the COVID-19 pandemic as a reason for his delay in the filing of the motion. While courts have recognized the exceptional nature of the pandemic for some purposes, "the COVID-19 pandemic does not automatically warrant equitable tolling for any petitioner who seeks it on that basis. The petitioner must establish that he was pursuing his rights diligently *and* that the COVID-19 pandemic specifically prevented him from filing his motion." *United States v. Henry*, No. 2:17-cr-00180, 2020 WL 7332657, at *4 (W.D. Pa. Dec. 14, 2020) (emphasis in original). Petitioner has not presented an argument or evidence that would support an equitable tolling finding. The record does not reflect that Petitioner would have faced a significant barrier for long enough to account for the sixteen-month-delay, as the limitations period did not begin to run until more than two years into the pandemic, and the public health emergency designation ended in May 2023, *see, e.g.*, *United States v. Brown*, No. 18-CR-0604 (JS), 2024 WL 4790165, at *5 (E.D.N.Y. Nov. 14, 2024), approximately fifteen months before Petitioner filed the § 2255 motion.

Because Petitioner did not file the § 2255 motion within the applicable limitation period, and because equitable tolling does not apply, dismissal is warranted.[1]

---

[1] Even if Petitioner could establish that he timely filed his request for habeas relief, his § 2255 motion would still fail. Contrary to his first ground for relief, Petitioner was specifically informed of the immigration

5

## CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases. In addition, I recommend that the Court deny Petitioner's motion for habeas relief under 28 U.S.C. § 2255. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 23rd day of December, 2024.

---

consequences of his guilty plea. (Change of Plea Hearing Transcript at 8:12–23, ECF No. 280). A review of the record also reveals no support for Petitioner's vague and conclusory allegation that his attorney did not work with him. Finally, the transcript of the change of plea hearing conclusively refutes Petitioner's contention that he was told by the Court that he would be sentenced to thirty years to life if he did not accept the plea offer. The Court merely informed Petitioner of the maximum sentence that applied to the charge, as Rule 11(b)(1)(H) requires, and Petitioner acknowledged that no one had made any representations to him about what the sentence would be in order secure his guilty plea. (*Id.* at 18:24–20:7, 20:19–21:8).